UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HRL LAND OR SEA YACHTS,
        Plaintiff,

Case No. 1:07-cv-945

-v-

HONORABLE PAUL L. MALONEY

TRAVEL SUPREME, INC.,
SPARTAN MOTOR CHASSIS, INC.,
TERRY TOWN TRAVEL CENTER, INC.
        Defendants.

OPINION AND ORDER GRANTING DEFENDANT SPARTAN'S MOTION TO DISMISS

This Court has before it a motion to dismiss filed by Defendant Spartan Motor Chassis (Defendant). On December 19, 2007, Defendant filed a motion (Dkt. No. 20) to dismiss under FED. R. CIV. P. 12(b)(1) and (6) on the basis of an arbitration clause. Plaintiff HRL Land or Sea Yachts (Plaintiff) filed a response (Dkt. No. 26). Defendant filed reply (Dkt. No. 29). This Court finds oral argument is not necessary to resolve the motions. *See* W.D. MICH. L.CIV.R. 7.2(d).

I. BACKGROUND

Defendant Travel Supreme manufactured recreational vehicles (RVs). (Compl. ¶ 2.) Defendant Spartan Motors makes chassis which are used in some of Defendant Travel Supreme's RVs. (*Id.* ¶ 3.) On August 9, 2006, Defendant Terry Town Travel Center (Terry Town) sold a 2006 Travel Supreme Envoy (Envoy), an RV, to Plaintiff. (*Id.* ¶ 5.) The Envoy was manufactured by Defendant Travel Supreme and included a chassis manufactured by Defendant Spartan Motors. (*Id.*)

Defendant Spartan Motors extends a limited warranty which covers the chassis. (Compl. ¶ 6; Exhibit A to Defendant Spartan Motors' Brief in Support - Warranty.) The warranty requires the purchaser, or the dealer, to submit a "Spartan Chassis Warranty Registration" form within 30 days of the purchase of the vehicle. (Warranty.) The warranty includes a specific limitation.

> **Limitation of Implied Warranties**
> **EXCEPT AS SPECIFICALLY PROVIDED HEREIN, THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, WHICH EXTEND BEYOND THE DESCRIPTION IN THIS DOCUMENT.  ANY IMPLIED WARRANTIES ARISING BY THE WAY OF STATE LAW, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY AND ANY IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED IN DURATION TO THE TERMS OF THIS LIMITED WARRANTY AND ARE LIMITED IN SCOPE OF COVERAGE TO THOSE PORTIONS OF THE CHASSIS COVERED BY THIS LIMITED WARRANTY.**  Spartan does not authorize any person to create for Spartan any other obligations or liability in connection with its chassis.  Some states do not allow limitations on how long an implied warranty lasts, so the above limitation may not apply to you.

(*Id.*)  The warranty also outlines the available legal remedies and requires any disputes arising under the warranty to be submitted to arbitration.

> **Legal Remedies**
> Any claim or controversy arising out of or relating to this limited warranty, or breach thereof, shall be settled by arbitration administered by the American Arbitration Association in the State of Michigan in accordance with the Commercial Arbitration Rules.  The determination of the arbitrator(s) shall be in writing and shall include an explanation of the basis for determination.  The determination of the arbitrator)s) shall be final and binding and judgement [sic] upon such determination may be entered in any court having jurisdiction.

(*Id.*)

II.  LEGAL STANDARDS

The parties' briefs contain almost no discussion of the legal standards for evaluating a motion to dismiss on the basis of an arbitration clause.  A motion under Federal Rule of Civil Procedure 12(b)(1) alleges the district court lacks subject matter jurisdiction. *Moore v. Ferrellgas, Inc.*, 533 F. Supp.2d 740, 744 (W.D. Mich. 2008) (Enslen, J.)  "A 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving jurisdiction exists." *Abbott v. Michigan*, 474

F.3d 324, 328 (6th Cir. 2007) (quoting *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)). When a 12(b)(1) motion attacks the claim of jurisdiction on its face, "the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). Such burden is "not onerous." *Moore*, 533 F.Supp.2d at 744.

When a 12(b)(1) motion attacks the factual basis for jurisdiction, the defendant is challenging the court's power to hear the case. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977)). In a factual attack on the jurisdiction of the plaintiff's claim, unlike a facial challenge or a 12(b)(6) motion, no presumption of truthfulness attaches to the factual allegations contained in the complaint. *Id.* When considering such a factual attack, the trial court "has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court must construe the complaint in the light most favorable to the plaintiff, accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Directv, Inc v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Evans-Marshall v. Bd.of Educ. of Tripp City Exempted Vill. Sch. Dist.,* 428 F.3d 223, 228 (6th Cir. 2005). However, a court does not accept as true unwarranted factual inferences or legal conclusions alleged in the complaint. *Directv, Inc*, 487 F.3d at 476. A claim lacking factual merit is more properly addressed under the summary judgment rule. *Evans-Marshall*, 428 F.3d at 228. The defendant has the burden of establishing that the plaintiff has failed to state a claim upon which relief may be granted. *Directv, Inc*, 487 F.3d at

476. When considering whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, but may also take into account items appearing in the record of the case and attached exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). If matters outside the pleadings are presented and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. FED. R. CIV. P. 12(d).

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case. *Bennett v City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The facts, and the inferences drawn from them, must be viewed in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Once the moving party has carried its burden, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Matsushita*, 475 U.S. at 574. The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252.

Although the Sixth Circuit Court of Appeals has not clarified the appropriate rule for bringing a motion to dismiss on the basis of an arbitration clause, several recent district courts within the Sixth Circuit have concluded the motion is appropriately brought under Rule 12(b)(6). *See High*

*v. Capital Senior Living Props. 2 - Heatherwood, Inc.*, ___ F.Supp.2d ___, No. 08-13066, 2008 WL 5411189 (E.D. Mich. Dec. 17, 2008) (Lawson, J.); *Moore*, 533 F.Supp.2d at 744. Judge Lawson and Judge Enslen both reasoned 12(b)(6) was the appropriate basis for the motion because "the existence of a valid arbitration clause does not technically deprive the Court of subject matter jurisdiction." *Capital Senior*, 2008 WL 5411189 at * 3; *Moore*, 533 F.Supp.2d at 744. Judge Enslen, however, following several other district courts as examples, allowed the defendant to proceed under Rule 12(b)(1). *Id.* at 744-745 (citing, as examples, *Nova CTI Caribbean v. Edwards,* No. CIV. A. 03-5319, 2004 WL 35759 (E.D. Pa. Jan 8, 2004) and *Thompson v. Nienaber*, 239 F.Supp.2d 478, 483 (D.N.J. 2002)).

Defendant Spartan Motors' motion will be evaluated as though it were a motion for summary judgment and the exhibits submitted by the parties will be considered. Support for this approach comes from several sources. First, as pointed out in Defendant Spartan Motors' reply brief, the Sixth Circuit has held, when a party files a motion or petition to compel arbitration, the issue is whether the parties agreed to arbitrate the dispute at issue.[1] *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). In order to survive the motion, the party opposing arbitration "must show a genuine issue of material fact as to the validity of the agreement to arbitrate. The required showing *mirrors that required to withstand summary judgment* in a civil suit." *Id.* (emphasis added and citations omitted.) Second, other courts considering this question have reached the same or similar conclusions. *See e.g., Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.,* 272 F.App'x

---

[1]Although Defendant Spartan Motors has not titled its motion as one to compel arbitration, in reviewing the FAA, courts have found a motion to dismiss on the basis of an arbitration clause may be treated as one to compel arbitration under the FAA, 9 U.S.C. § 4. *See, e.g., Brown v. Dorsey & Whitney, LLP*, 267 F.Supp.2d 61, 66 (D.D.C. 2003); *Thompson v. Nienaber*, 239 F.Supp.2d 478, 483 (D.N.J. 2002) (discussing the issue and collecting cases).

782, 785-786 (11th Cir. 2008) (requiring the party opposing a motion to compel arbitration to put the agreement to arbitrate in issue by denying any agreement to arbitrate was reached and offering some evidence to support the denial); *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co. Ltd.*, 636 F.2d 51, 54 n. 9 (3d Cir. 1980) (holding, when deciding whether to grant a motion to compel arbitration, the standard used by a district court when determining whether there was a meeting of the minds on an agreement to arbitrate is essentially that used for summary judgment); *Brown v. Dorsey & Whitney, LLP*, 267 F.Supp.2d 61, 66-67 (D.D.C. 2003) (discussing the issue and collecting cases). Third, the parties have approached the motion as though this Court would consider the exhibits and documents attached to their briefs. *See Id.* at 67-68 (explaining there was no need to convert the motion to a Rule 56 motion and give notice to the parties because the parties understood the basis for the motion and submitted documentary evidence along with their pleadings). The warranty, submitted by Defendant, was specifically referenced in the pleadings and is central to Plaintiff's claims. Defendant submitted an affidavit which raises factual allegations clearly outside the pleadings. Plaintiff's reply brief makes no objection to the affidavit and attaches a signed registration card.

III. ANALYSIS

Defendant Spartan Motors argues, pursuant to the arbitration clause and the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, the American Arbitration Association has exclusive jurisdiction over claims related to Spartan Motors' warranties. In paragraph 6 of the complaint, Plaintiff HRL alleges it "received written warranties and other express and implied warranties, including, by way of example and not by way of limitation, warranties from TS, Spartan and Terry." (Compl. ¶ 6.) Defendant Spartan Motors attaches the Limited Warranty to its motion to dismiss and

a signed warranty registration card to its reply brief.[2]

In its response, Plaintiff HRL asserts five reasons Defendant Spartan Motors' motion should be denied. Plaintiff asserts the motion is not timely. Plaintiff questions whether there was mutual assent to the arbitration provision. Plaintiff argues the limitation does not apply to the implied warranty of merchantability. Plaintiff alleges the arbitration provision is unconscionable. Finally, Plaintiff urges the court to deny the motion on the basis of efficiency.

The United States Supreme Court has repeatedly declared a national policy favoring arbitration of claims when parties contract to settle their conflicts through that mode of dispute resolution. *See, e.g., Preston v. Ferrer*, ___ U.S. ___, 128 S.Ct. 978, 981 (2008). Looking at the FAA, the Supreme Court has further held, as a matter of federal law, that any doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Before compelling arbitration, a district court must determine (1) whether the parties agreed to arbitrate, (2) the scope of the agreement, (3) if a federal statutory claim is asserted, whether Congress intended the claim to be nonarbitrable, and (4) if some, but not all, of the claims are arbitrable, whether to stay the remainder of the proceedings pending arbitration. *Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir. 2003) (quoting *Stout v.*

---

[2]As explained earlier, the Court will consider the documentary evidence submitted by the parties. Furthermore, Defendant's documents would be considered under the typical rules for a Rule 12(b)(6) motion. When a document is referenced in a complaint, and is central to the plaintiff's claim, the defendant may submit the document and the court may consider it on a motion to dismiss without converting the motion to one for summary judgment. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335-356 (6th Cir. 2007); *Amini,* 259 F.3d at 502. The warranty is specifically referenced in the complaint and the warranty provides that it is not valid unless the warranty registration form is submitted within 30 days. Accordingly, both documents may be considered without converting the motion to a Rule 56 motion as both documents are central to Plaintiff's claims.

*J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)).

    A. Timeliness

Plaintiff argues Defendant Spartan Motors has not timely filed its motion to dismiss. Plaintiff reasons Defendant waited almost three and a half months after being served with the complaint before it filed this motion. Plaintiff further reasons Defendant will have the benefit of Rule 16 disclosures and other discovery before the motion is decided, discovery which is not available in arbitration.

A party may waive its contractual right to arbitrate by participating in litigation to such an extent that its actions are "completely inconsistent with any reliance" on its right to arbitrate and causes the opposing party to suffer prejudice. *Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*. 289 F.3d 434, 438 (6th Cir. 2002) (quoting *Germany v. River Terminal Ry. Co.*, 477 F.2d 546, 547 (6th Cir. 1973) (per curiam)). Because of the strong presumption favoring arbitration, waivers of the right to arbitrate are not lightly inferred. *Highlands Wellmont Health Networks, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 573 (6th Cir. 2003) (citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003)).

Defendant Spartan Motors has not waived its rights to arbitration. Defendant waived service of process in September 2007, and its answer to the complaint was due on November 26, 2007. (Dkt. No. 4.) Defendant filed its answer to the complaint on November 21, 2007 and included, as an affirmative defense, a reliance on the arbitration provision. (Dkt. No. 16 - Defendant Spartan Motors' Affirmative Defense ¶ 1.) On November 26, 2007, the Court issued an order setting a Rule 16 scheduling conference for December 20, 2007. On December 19, 2007, Defendant filed this motion. Nothing Defendant had done when the motion was filed was "completely inconsistent with

any reliance" on its right to arbitration. *See Gen. Star Nat'l Ins. Co.*, 289 F.3d at 438.

      B.  Existence of an Agreement to Arbitrate

      Plaintiff argues the arbitration agreement cannot be enforced because there was no mutual assent. Plaintiff's concern addresses the first of the four determinations a district court must make under *Fazio*, whether the parties agreed to arbitrate. Even though there exists a federal policy in favor of arbitration, a party will not be forced to submit a dispute to arbitration when it has not agreed to do so. *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 813 (6th Cir. 2008) (quoting *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005)).

      Whether the parties entered into a valid agreement to arbitrate is governed by Michigan law. 9 U.S.C. § 2; *Perry v. Thomas*, 482 U.S. 483, 492 n. 9 (1987) (explaining that state law governs issues concerning the validity, revocability and enforceability of contracts generally); *Seawright v. American Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) ("because arbitration agreements are fundamentally contracts, we review enforceability of an arbitration agreement according to applicable state law of contract formation"). Under Michigan law, the essential elements of a valid contract are (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation. *Hess v. Cannon Township*, 696 N.W.2d 742, 748 (Mich. Ct. App. 2005). Without mutuality of assent, no contract exists. *Quality Prods. and Concepts Co. v. Nagel Precision, Inc.*, 666 N.W.2d 251, 258 (Mich. 2003).

      Plaintiff argues there is no evidence of mutual assent. Plaintiff asserts the warranty booklet containing the arbitration clause was not presented to it prior to the agreement to purchase the motor home. To support this assertion, Plaintiff attaches the affidavit of Ms. Rhonda Leonard to its

9

response.[3]  (Dkt. No. 26-2, Exhibit A to Plaintiff's Response - R. Leonard Affidavit.)  Plaintiff argues it agreed to purchase the motor home in July 2006 and did not receive the warranty booklet until August 2006.  Plaintiff reasons, at that time, it could not undo the contract or negotiate the deletion of the arbitration provision.  Plaintiff argues it was never informed of the arbitration clause prior to the sale.  Finally, Plaintiff asserts no agent of HRL ever signed the warranty booklet.

In reply, Defendant Spartan Motors insists there is a valid and enforceable agreement to arbitrate.  Defendant argues the limited warranty requires the buyer of the motor home to submit a signed registration form in order to activate the warranty.  Defendant argues Plaintiff signed and submitted the Limited Warranty Registration and attaches such document to its reply brief.  Defendant argues, regardless of when Plaintiff received the warranty, there is no dispute that it had the opportunity to review the warranty before agreeing to its terms.

Based upon the facts alleged in the complaint, Defendant Spartan Motors and Plaintiff have an agreement to arbitrate.  Plaintiff admits to the existence of a written warranty for Defendant's chassis.  "On or about August 9, 2006, Plaintiff purchased a Travel Supreme Envoy" (Compl. ¶ 5) and received warranties "along with the sale of the 2006 Envoy" (Compl. ¶ 6.)  The written warranty contains an arbitration clause.  Plaintiff cannot deny its agent signed the warranty registration, which was required to validate the warranty.[4]  A signature provides evidence of assent to the terms of an

---

[3]As explained earlier, Plaintiff's affidavit will be considered.  If the motion were resolved under the typical rules for a 12(b)(6) motion, this affidavit would not be considered as it alleges facts outside the pleadings.

[4] Plaintiff neither admits nor denies signing the warranty registration.  Plaintiff denies signing any warranty booklet or acknowledgment of an arbitration provision.   (Resp. at 6).  Plaintiff offers no evidence to support this assertion and no such facts are averred in Ms. Leonard's affidavit.  Taking the facts alleged in the affidavit as true, existence of the agreement is still not in doubt.  Plaintiff signed the warranty registration, assenting to its terms.  At best, the

agreement. *Ehresman v. Bultynck & Co.*, 511 N.W.2d 724, 726 (Mich. Ct. App) (approving the principles in 17 CJS, Contract § 62 which states that the object of a signature is to show mutuality or assent).

      C. Arbitration Clause Does Not Apply to the Implied Warranty of Merchantability

Plaintiff argues the arbitration clause, by its own words, does not apply to its claim for violation of an implied warranty. Plaintiff's argument here addresses the second of the four determinations a district court must make under *Fazio*, the scope of the agreement. Plaintiff notes the wording of the arbitration clause, "any claim or controversy arising out of or related to *this limited warranty*." (Warranty) (emphasis added.) Plaintiff reasons the warranty cannot apply to its claims based on implied warranties or its claims based on the Michigan Consumer Protection Act. In reply, Defendant Spartan reasons any warranty given necessarily arises from the limited warranty.

The arbitration clause covers Plaintiff's claims for a violation of an implied warranty. The warranty at issue is titled "Custom MotorHome Chassis Limited Warranty." (Warranty.) The warranty begins "What This Limited Warranty Covers." (*Id.*) The warranty provides "this warranty covers repair or replacement, at the sole option of Spartan Chassis, Inc. (hereinafter Spartan), of any parts of your new Spartan chassis (except the engine and transmission) . . ." (*Id.*) The portion of the warranty titled "Limitation of Implied Warranties," provides "there are no other warranties, express or implied, which extend beyond that described in the document." (*Id.*) Accordingly, any

---

affidavit alleges facts supporting Plaintiff's argument that the warranty constitutes an unconscionable contract. Furthermore, Ms. Leonard's signature on the registration form distinguishes this situation from the facts in the case cited by Plaintiff, *Masteller v. Champion Home Builders, Co.*, 723 N.W.2d 561 (S.D. 2006). In *Masteller*, the South Dakota Supreme Court held "the only contract the Mastellers signed and now seek to enforce was the June 13, 2004 agreement." *Id.* at 566. The arbitration clause the defendant sought to enforce was located in documents given to the plaintiffs in November 2004. *Id.* at 563.

warranty extended by Defendant Spartan must arise under the "Limited Warranty." The Sixth Circuit has held, when deciding whether an issue is within the scope of an arbitration agreement, "ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement. *Nestle Waters North America, Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007) (quoting *Fazio*, 340 F.3d at 395). It would not be possible to maintain the action without reference to the warranty, which contains the arbitration agreement. In order for Plaintiff to prevail on its claim, it would have to overcome the specific denial of all other express and implied warranties. The presumption of arbitrability weighs in favor of finding this issue is covered by the arbitration clause. *See Id.* at 505.

### D. The Arbitration Clause is Unconscionable

Plaintiff argues the arbitration clause is unconscionable under MCL § 440.2302. Plaintiff reasons the clause is procedurally unconscionable because it had no opportunity to negotiate the clause. Plaintiff asserts the clause is substantively unconscionable because the terms of the agreement are beneficial only to Defendant Spartan. Plaintiff alleges the clause enables Defendant Spartan to have the dispute settled by an arbitrator rather than a jury. Plaintiff alleges the costs of arbitration are prohibitive, deterring it from initiating arbitration.

Under Michigan law, a contract or one of its provisions will be considered unconscionable only where both procedural and substantive unconscionability are present. *Clark v. DaimlerChrysler Corp.*, 706 N.W.2d 471, 474 (Mich. Ct. App. 2005) (citing *NW. Acceptance Corp. v. Almont Gravel, Inc.*, 412 N.W.2d 719, 723 (Mich. Ct. App. 1987)). *See also Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 322 (6th Cir. 1998) (summarizing Michigan law on unconscionability). The party alleging a contract or clause is unconscionable must demonstrate "an

absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Pichey v. Ameritech Interative Media Servs., Inc.*, 421 F.Supp.2d 1038, 1045 (W.D. Mich. 2006) (Bell, J.) (quoting *Almont Gravel*, 412 N.W.2d at 723). *See Coursey v. Caterpillar, Inc.*, 64 F.3d 662, 1995 WL 492923 at * 3 (6th Cir. Aug. 16, 1995) (unpublished table opinion) (per curiam) (placing the burden on the buyer to prove unconscionability and citing James J. White & Robert S. Summers, *Uniform Commercial Code*, 1, § 12-11 at 607 (West Publishing Co. 3d ed. 1991)).  Under Michigan law, whether a contract or clause is unconscionable is a question for the court to decide as a matter of law. *Andersons*, 166 F.3d. at 323 (citing *Citzens Ins. Co. of America v. Proctor & Schwartz*, 802 F.Supp. 133, 143 (W.D. Mich. 1992) (citing *Almont Gravel*, 412 N.W.2d at 277)).

When considering the first prong, procedural unconscionability, the court examines the relative bargaining power between the parties, their relative economic strength, and the alternative sources of supply. *Almont Gravel*, 412 N.W.2d at 723. Procedural unconscionability arises when the weaker party to an agreement has little or no bargaining power and no realistic alternative but to accept the terms of the agreement. *Clark*, 706 N.W.2d at 474-475 (citing *Allen v. Michigan Bell Tel.*, 171 N.W.2d 689 (Mich. Ct. App. 1969)).

Substantive unconscionability arises when the terms of the agreement are not substantively reasonable. *Clark*, 706 N.W.2d at 475. "Reasonableness is the primary consideration." *Hubscher & Son, Inc. v. Storey*, 578 N.W.2d 701, 703 (Mich. Ct. App. 1998) (citing *Stenke v. Masland Dev. Co. Inc.*, 394 N.W.2d 418 (Mich. Ct. App. 1986); *Gianni Sport Ltd. v. Gantos, Inc.*, 391 N.W.2d 760 (Mich. Ct. App. 1986)). A term is substantively unreasonable when "the inequity of the term is so extreme as to shock the conscience." *Id.* However, substantive unconscionability does not exist

simply because "it is foolish for one party and very advantageous to the other." *Id.* (citing *Gillam v. Michigan Mortgage-Investment Corp.*, 194 N.W. 981 (Mich. 1923)).

Plaintiff has not established the clause is unconscionable. Assuming, for the sake of argument only, Plaintiff had no choice but to accept the terms of the agreement, Plaintiff has not established the arbitration agreement is substantively unconscionable. The parties have not agreed to forgo the ability to have disputes resolved, rather they agreed to have the disputes resolved by an arbitrator. The agreement obligates both parties, not just one party, to submit disputes to arbitration. Plaintiff asserts, without support, the cost of arbitration would be prohibitive. Plaintiff's assertion lacks any legal or documentary support. Plaintiff has offered no authority showing that any Michigan court has found the cost of arbitration to be evidence of substantive unconscionability.

E. Compelling Arbitration Leads to Piecemeal Decisions and Inefficiency

Plaintiff argues, because Defendant Spartan has no arbitration agreement with Defendant Travel Supreme, the dismissal of the complaint against Defendant Spartan would not be efficient. Plaintiff cites no authority for this concern. Although Plaintiff may be correct that the dismissal of its claims against Defendant Spartan would result in piecemeal decision, that concern cannot overcome the presumption favoring arbitration, especially when the parties have agreed to arbitrate their disputes.

F. Remaining Factors Under *Fazio*

The Court has already considered two of the four factors identified in *Fazio*. The parties agreed to arbitrate their disputes. The arbitration agreement covers the claims at issue here. The third factor is not at issue as there are no federal statutory claims alleged in the complaint. Finally, The Court finds no need to stay the remaining portions of the proceedings. The claims against

Defendant Spartan Motors can be resolved by an arbitrator. The claims against the remaining Defendants may proceed.

IV. CONCLUSION

For the reasons provided above, Defendant Spartan Motors' motion (Dkt. No. 20) to dismiss is **GRANTED.** Taking the facts in a light most favorable to Plaintiff, there is no genuine issue of material fact that the parties have a valid agreement to arbitrate. The parties agreed to resolve any disputes arising between them relating to the warranty on the chassis through arbitration.

ORDER

Defendant Spartan Motors' motion (Dkt. No. 20) to dismiss is **GRANTED.** The claims against Defendant Spartan Motors' in the complaint are **DISMISSED WITHOUT PREJUDICE.**

Accordingly, Defendant Spartan Motors' motion (Dkt. No. 60) for summary judgment and motion (Dkt. No. 73 in limine are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Date:   January 16, 2009              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge