UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HRL LAND OR SEA YACHTS,
        Plaintiff,

                                                               Case No. 1:07-cv-945

-v-

                                                               HONORABLE PAUL L. MALONEY

TRAVEL SUPREME, INC.,
SPARTAN MOTOR CHASSIS, INC.,
TERRY TOWN TRAVEL CENTER, INC.
        Defendants.


## OPINION AND ORDER GRANTING DEFENDANT TERRY TOWN TRAVEL CENTER'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on a motion (Dkt. No. 58) for summary judgment by Defendant Terry Town Travel Center (Terry Town). Plaintiff HRL Land or Sea Yachts (Plaintiff or HRL) filed a response. (Dkt. No. 63.) Defendant Terry Town filed a reply. (Dkt. No. 66.) Having read the motion, briefs, exhibits and relevant authority, the Court finds no need for oral argument to resolve the disputed issues. *See* W.D. MICH. L.CIV.R. 7.2(d).

I. BACKGROUND

Plaintiff HRL is a Montana limited liability company.[1] Defendant Travel Supreme, an Indiana corporation, manufactured recreational vehicles (RVs).[2] (Compl. ¶ 2.) Defendant Spartan Motors, a Michigan corporation, makes chassis which were used in some of Defendant Travel

---

[1] The LLC was formed for the purpose of purchasing the motor home and saving taxes on the purchase price. (Plaintiff's Response Brief at 3.) The propriety of such an entity and whether Defendant Terry Town suggested Plaintiff form such entity are not at issue here and does not impact the motion.

[2] Based on earlier motions involving Defendant Travel Supreme, it appears the entity is no longer in business.

Supreme's RVs.  (*Id.* ¶ 3.)  Defendant Terry Town, a Michigan corporation, sells motor homes and other RVs.  (*Id.* ¶ 4.)

In 2006, Rhonda and Henry Leonard decided to purchase a motor home or recreational vehicle (RV).  (Rhonda Leonard Deposition at 1 - Exhibit 1 to Defendant Terry Town's Brief in Support.)  The Leonards found the floor plan for a Travel Supreme Envoy (Envoy), a type of RV, on Defendant Terry Town and Defendant Travel Supreme's websites.  (*Id.* at 13-15.) The Leonards decided to purchase an Envoy.  On July 8, 2006, Defendant Terry Town faxed a purchase agreement to Rhonda Leonard.  (*Id.* at 19-20; Purchase Agreement dated 7-8-08 - Exhibit 2 to Defendant Terry Town's Brief.)  On August 9, 2006, Defendant Terry Town sold a 2006 Envoy to Plaintiff.  (Compl. ¶ 5.)  Ms. Leonard, as an agent of Plaintiff, signed a purchase agreement for the Envoy on that date. (Defendant Terry Town's Exhibit 5.)  The Envoy was manufactured by Defendant Travel Supreme and included a chassis manufactured by Defendant Spartan Motors.  (Compl. ¶ 5.)

The purchase agreement sent to Ms. Leonard in July and the purchase agreement signed by Ms. Leonard on behalf of Plaintiff in August contain a number of conditions.  The front of the form, near the bottom and above the signature lines, contains the following statement.

> **THE REVERSE SIDE** of this agreement contains **ADDITIONAL TERMS AND CONDITIONS**, including, but not limited to, provisions regarding **WARRANTY, EXCLUSIONS AND LIMITATIONS OF DAMAGES.**

(Defendant Terry Town's Exhibits 2 and 5.)  The reverse side of the purchase agreement contained a paragraph titled "**WARRANTIES AND EXCLUSIONS."**  (*Id.*)  That paragraph states

> BUYER UNDERSTANDS THAT THERE MAY BE WRITTEN WARRANTIES COVERING THE UNIT PURCHASED, OR ANY COMPONENTS, OR ANY APPLIANCE(S) WHICH HAVE BEEN PROVIDED BY THE MANUFACTURERS. DEALER HAS GIVEN BUYER AND BUYER HAS READ AND UNDERSTOOD A STATEMENT OF THE TYPE OF WARRANTY COVERING THE UNIT PURCHASED AND/OR COMPONENT(S) AND/OR

> APPLIANCES BEFORE BUYER SIGNED THIS SALES AGREEMENT. THERE IS NO EXPRESS WARRANTY ON USED UNITS, EXCEPT WHERE PROHIBITED BY LAW: (i) DELIVERY BY DEALER TO BUYER OF WARRANTY BY THE MANUFACTURER(S), (ii) BUYER ACKNOWLEDGES THAT THESE EXPRESS WARRANTIES MADE BY THE MANUFACTURER(S) HAVE NOT BEEN MADE BY THE DEALER EVEN IF THEY SAY DEALER MADE THEM OR SAY DEALER MADE SOME OTHER EXPRESS WARRANTY, AND (iii) DEALER IS NOT AN AGENT OF THE MANUFACTURER(S) FOR WARRANTY PURPOSES EVEN IF DEALER COMPLETES, OR ATTEMPTS TO COMPLETE REPAIRS FOR THE MANUFACTURER(S).  EXCEPT IN WV, MS, WI OR WHERE OTHERWISE PROHIBITED BY LAW: (i) BUYER UNDERSTANDS THAT THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE AND ALL OTHER WARRANTIES EXPRESSED OR IMPLIED ARE EXCLUDED BY DEALER FROM THIS TRANSACTION AND SHALL NOT APPLY TO THE UNIT OR ANY COMPONENT OR ANY APPLIANCE CONTAINED THEREIN, (ii) BUYER UNDERSTANDS THAT DEALER MAKES NO WARRANTIES WHATSOEVER REGARDING THIS UNIT OR ANY COMPONENT OR ANY APPLIANCE CONTAINED THEREIN, AND (iii) BUYER UNDERSTANDS THAT DEALER DISCLAIMS AND EXCLUDES FROM THIS TRANSACTION ALL WARRANTY OBLIGATIONS WHICH EXCEED OR EXIST OVER AND ABOVE THE LEGAL WARRANTIES REQUIRED BY APPLICABLE STATE LAW.

(*Id.* ¶ 10.)  The following paragraph is titled "**LIMITATION OF DAMAGES**" and states the following.

> EXCEPT IN WV AND ANY OTHER STATE WHICH DOES NOT ALLOW THE LIMITATION OF INCIDENTAL AND/OR CONSEQUENTIAL DAMAGES THE FOLLOWING LIMITATION  OF DAMAGES SHALL APPLY IF ANY WARRANTY FAILS BECAUSE OF ATTEMPTS TO REPAIR ARE NOT COMPLETED WITHIN A REASONABLE TIME OR ANY REASON ATTRIBUTED TO THE MANUFACTURER, INCLUDING MANUFACTURERS WHO HAVE GONE OUT OF BUSINESS.  BUYER AGREES THAT IF BUYER IS ENTITLED TO ANY DAMAGES AGAINST DEALER, BUYER DAMAGES ARE LIMITED TO THE LESSER OF EITHER THE COST OF NEEDED REPAIRS OR REDUCTION IN THE MARKET VALUE OF THE UNIT CAUSED BY THE LACK OF REPAIRS.  BUYER ALSO AGREES THAT ONCE BUYER HAS ACCEPTED THE UNIT, EVEN THOUGH THE MANUFACTURER(S)' WARRANTY DOES NOT ACCOMPLISH ITS PURPOSE, THAT BUYER CANNOT RETURN THE UNIT TO DEALER AND SEEK A REFUND FOR ANY PURPOSE.

(*Id.* ¶ 11.)

Plaintiff obtained several warranties on parts of the Envoy at the time of purchase. Ms. Leonard, as an agent for Plaintiff, signed a document indicating Plaintiff purchased a "platinum protection program" for $1,157.79 covering the exterior paint and the interior carpeting and upholstery. (Plaintiff's Exhibit 6.) Plaintiff purchased road hazard coverage. (Plaintiff's Exhibit 7.) Defendant Terry Town extended coverage to Plaintiff for "two years of pro rating on the batteries." (Defendant Terry Town's Exhibit 5.)

The RV suffered a number of problems in the limited time Plaintiff possessed it, some of which were fixed or repaired by Defendant Terry Town. In the ten months between August 2006 and May 2007, Plaintiff was able to use the RV for only three months. (Plaintiff's Exhibit 10 - Letter to Defendant Travel Supreme dated 5/14/2007.) Plaintiff demanded the RV be repaired or the sales price refunded. (*Id.*) Defendant Terry Town refused to accept the return of the Envoy and refused to refund any part of the purchase price. (Compl. ¶ 33.)

II. LEGAL FRAMEWORK

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions together with the affidavits show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case. *Bennett v City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The facts, and the inferences drawn from them, must be viewed in a light most favorable to the nonmoving

4

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Once the moving party has carried its burden, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Matsushita*, 475 U.S. at 574. The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252.

III. ANALYSIS

    A. COUNTS II AND III - Breach of Written and Implied Warranties under the Michigan Commercial Code and Magnuson-Moss Warranty Act

        1. Express Warranties Issued by Manufacturers

Plaintiff alleges Defendants Travel Supreme and Spartan provided express warranties pertaining to the 2006 Envoy. (Compl. ¶ 21.) Plaintiff alleges Defendant Terry Town, as an authorized dealer and agent of Defendants Travel Supreme and Spartan, breached the express warranties by failing to repair various defects in the mobile home. (Compl. ¶¶ 22-23.) Defendant Terry Town asserts it has not provided any written or express warranties to Plaintiff which would cover the defects alleged in the complaint. Defendant Terry Town further asserts the conspicuous disclaimer in the purchase agreement states it does not adopt any of the manufacturers' express warranties.

The disclaimer in the purchase agreement clearly and explicitly states that Defendant Terry Town, as the dealer, does not adopt or extend any of the manufacturers' warranties on the unit purchased, its components, or any appliances. (Purchase Agreement ¶ 10.) The disclaimer expressly states the dealer is not an agent of the manufacturer, even if the dealer repairs or attempts

5

to repair defects for the manufacturer. (*Id.*) When a dealer provides the buyer with copies of the manufacturer's warranties, but does not adopt the warranties, the dealer has not made an express warranty on the good. *Ducharme v. A&S RV Center, Inc.*, 321 F.Supp.2d 843, 854 (E.D. Mich. 2004) (Cohn, J.). Unless Plaintiff establishes some basis why that disclaimer is not valid, Defendant Terry Town cannot be held liable for breach of the manufacturers' written warranties.

2. Implied Warranties - Michigan Commercial Code

Michigan law extends two implied warranties when goods are sold by a merchant: (1) an implied warranty of merchantability, MCL § 440.2314; and (2) an implied warranty of fitness for a particular purpose, MCL § 440.2315. The merchant may, however, disclaim those implied warranties through a conspicuous disclaimer. MCL § 440.2316(2)[3]; *Piddock v. Ewing*, 371 F.Supp.2d 870, 880 (E.D. Mich. 2005) (Cohn, J.); *Parsley v. Monaco Coach Corp.*, 327 F.Supp.2d 797, 800 (W.D. Mich. 2004) (Bell, C.J.). Under Michigan law, a term is conspicuous "when it is so written that a reasonable person against whom it is to operate ought to have noticed it." *Id.* (quoting MCL § 440.1201(10)). *See Lumber Mutual Ins. Co. v. Clarklift of Detroit, Inc.*, 569 N.W.2d 681, 683 (Mich. App. 1997) (per curiam) ("the primary focus is whether a reasonable person ought to have noticed [the warranty disclaimer], taking into account the guideline language of § 1-201(10), as well as any other circumstances that protect the buyer from surprise"). Whether a term

---

[3]Subsection (2) of the statute provides
(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness for a particular purpose the exclusion must be by a writing and must be conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description of the face hereof."
MCL 440.2316(2).

6

is conspicuous is a decision for the court.  *Parsley*, 327 F.Supp.2d at 880 (citing MCL § 440.1201(10)).  The statutory definition of "conspicuous" explains that a printed heading in capitals is conspicuous and language in the body of a form is conspicuous if it is larger or in contrasting type or color.  *Id.* (citing MCL § 440.1201(10)).

A reasonable person ought to have noticed Defendant Terry Town's disclaimer.  The front side of the purchase agreement, in all capital letters and bold type face, both of which are distinct from the surrounding type, informs the person about to sign the document that additional terms relevant to the warranty, including exclusions and limitations, are on the reverse side.  The notice on the front of the document here is similar to the language upheld as a conspicuous disclaimer in *Parsley* and *Piddock*.  The disclaimer on the back side of the form is similarly conspicuous.  Paragraphs 10 and 11 on the back side of the form are labeled respectively "Warranties and Exclusions" and "Limitation of Damages."  The labels are in all capital letters, in larger type than the surrounding terms, and are  underlined.  In contrast to the text of the other 12 paragraphs on the back side, the text for both paragraphs 10 and 11 are completely capitalized.  The disclaimer and limitation on the back side is similar to the disclaimer on the back side of the form in *Parsley*.

Plaintiff cannot claim to have been surprised by the terms of the purchase agreement.[4]

---

[4]Elsewhere Plaintiff argues there is a genuine issue of material fact whether the document signed by Ms. Leonard actually contained two sides.  Plaintiff bases this claim on the bates stamp numbers for the two pages of Defendant's Exhibit 5.  When the page signed by a party explicitly incorporates the standards and conditions of sale located elsewhere, those standards and conditions become part of the contract.  *Martin and Haddie Rasche Corp. v. Int'l Metals and Chemicals Group*, No. 199018, 1997 WL 33331016 (Mich. App. Nov. 21, 1997) (per curiam) (involving a two sided form where the document signed by the plaintiff did not have a second side because the document had been faxed, the court held the contract included the terms on the missing reverse side based on the incorporation language on the front side of the form).  *See Polimeni v. General Motors Corp.*, No. 274419, 2007 WL 1791894 (Mich. App. June 21, 2007) (per curiam) (rejecting the plaintiff's argument that he never saw or read the terms on the back

Defendant Terry Town faxed Ms. Leonard a copy of the purchase agreement several weeks before Plaintiff made the purchase. In addition, in Michigan, a party who signs a document is deemed to know the contents of those documents and may not claim ignorance to avoid enforcement of the instrument. *Scholz v. Montgomery Ward & Co. Inc.*, 468 N.W.2d 845, 848 (Mich. 1991). *See Montgomery v. Fidelity & Guaranty Life Ins. Co.*, 713 N.W.2d 801, 804 (Mich. App. 2005) ("It is well established that failure to read an agreement is not a valid defense of enforcement of a contract. A contracting party has a duty to examine a contract and know what the party has signed, and the other contracting party cannot be made to suffer for neglect of that duty." (citations omitted)). A party who does not understand the terms of a contract has a duty to inquire about its contents. *Scholz*, 468 N.W.2d at 848.

Plaintiff's authority on conspicuousness is easily distinguished. Plaintiff cites *Krump PM Engineering, Inc. v. Honeywell*, 530 N.W.2d 146 (Mich. App. 1995), *Latimer v. William Mueller & Son, Inc.*, 386 N.W.2d 618 (Mich. App. 1986) and *Mallory v. Conida Warehouses, Inc.*, 350 N.W.2d 825 (Mich. App. 1984) (per curiam). *Mallory* involved an attempted warranty disclaimer found on one of three tags attached to a bag of seeds. *Id.* at 827. The court found, among other things, the tags were attached to the bottom of the seed bag, the warranty tag was the least conspicuous writing on the bag, and the heading on the tag was "warranty" which suggested that additional warranties were included rather than excluded. *Id. Latimer* also involved a disclaimer on tags attached to a bag of seeds. 386 N.W.2d at 620. The court, like the court in *Mallory*, found the disclaimer on the warranty tag was not conspicuous. *Id.* at 625. Although the word "warranty"

---

side of a purchase order form because he was put on notice of those terms through the language on the front side of the form).

was in capital letters, the balance of the language where the disclaimer was located was in standard type, there was no contrasting color or other emphasis on any portion of the tag and the tag was attached to the bag along with two other tags. *Id.* The court also noted the heading "warranty" suggested that warranties were included rather than excluded because the disclaiming language on the tax was the least conspicuous writing attached to the bag. *Id. Krump* involved a disclaimer located on a customer service invoice for parts. 530 N.W.2d at 148. The court found the language of the warranty was not conspicuous. *Id.* at 149. The form at issue was two sided. *Id.* The reference to the warranty on the front of the form was in small print. *Id.* A portion of the disclaimer on the back of the form was in all capital letters, but the limitation on damages was not in capital letters. *Id.*

The disclaimer can be enforced against Plaintiff even though no one from Defendant Terry Town signed the purchase agreement. Plaintiff argues the disclaimer cannot be enforced because Defendant Terry Town never signed the purchase agreement. Plaintiff points out the language of the purchase agreement, under the line for the dealer's signature, states "not valid unless signed and accepted by an officer or authorized agent of the company." (Purchase Agreement.) Michigan law requires contracts for the sale of goods be signed by the party against whom enforcement is sought. MCL § 440.2201(1). The notes to the statute clarify that the word "signed" references "any authentication which identifies the party to be charged." *Id.* The notes further indicate "receipt and acceptance of either the goods or the price constitutes an unambiguous overt admission by both parties that a contract actually exists." *Id.* There is no genuine issue of material fact that Defendant Terry Town delivered the motor home to Plaintiff and that Plaintiff accepted the motor home from Defendant. Under those circumstances, the lack of a signature on the purchase agreement does not

render the disclaimer in the purchase agreement ineffecive and unenforceable. *See Rokicsak v. Colony Marine Sales and Serv.*, 219 F.Supp.2d 810, 815 (E.D. Mich. 2002) (Steeh, J.) (involving the sale of a boat where the purchase agreement was not signed by the dealer but the boat was delivered by the dealer, payment was accepted and the buyer accepted the boat).

      3. Implied Warranties - Magnuson-Moss Warranty Act (MMWA)

  The MMWA creates federal jurisdiction over claims for breach of written and implied warranties of consumer products. *See Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (involving a suit over the sale of an RV, the court held "the MMWA provides for federal jurisdiction over certain claims," citing 15 U.S.C. § 2310(d)(1)(B)). The MMWA provides, in part, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). The implied warranty arises under State law as the result of a sale by a supplier of a consumer product. 15 U.S.C. § 2301(7). In other words, an MMWA claim for breach of an implied warranty depends on the plaintiff having a valid state law implied warranty claim. *Harnden v. Ford Motor Co.*, 408 F.Supp.2d 300, 308 (E.D. Mich. 2004) (Edmunds, J.). Accordingly, unless Plaintiff establishes it has some implied warranty on a consumer product by Defendant Terry Town, Plaintiff cannot maintain its claim under the MMWA.

  Plaintiff's authority on this point does not compel a different answer. Plaintiff cites *Pearson & Son Excavating Co, Inc. v. Western Recreational Vehicles, Inc.*, No. 03-40246, 2007 WL 836603 (E.D. Mich. Mar. 14, 2007) (Gadola, J.) and *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912 (9th Cir. 2005). In *Pearson*, Judge Gadola had earlier remanded the portion of the action dealing

with the plaintiff's state law claims, but kept the MMWA claims for breach of written and implied warranties. 2007 WL 836603 * 1. Ruling on the defendant's first motion for summary judgment, Judge Gadola granted the motion with regard to the claim for breach of a written warranty, but denied the motion with regard to the claim for breach of an implied warranty. *Id.* The defendant filed a renewed motion for summary judgment, this time questioning the plaintiff's ability to bring an action under the MMWA without an underlying state claim. *Id.* Judge Gadola denied the motion, holding the MMWA provides an independent cause of action for breach of an implied warranty, citing section 15 U.S.C. § 2310(d)(1). *Id.* * 1-2. As Judge Gadola carefully explained, "to be sure, a plaintiff's implied warranty claim brought under the Magnuson-Moss Warranty Act rests on the applicable state law, a Magnuson-Moss implied warranty claim is only successful if the plaintiff would be able to assert a valid implied warranty claim under state law." *Id.* * 2. As explained under the previous section, Plaintiff does not have a valid implied warranty claim under Michigan law because Defendant Terry Town disclaimed any implied warranty. Plaintiff fares no better under the holding in *Milicevic*. The Ninth Circuit simply held the Magnuson-Moss Warranty Act creates a private cause of action for a warrantor's failure to comply with the terms of a written warranty, citing 15 U.S.C. § 2310(d)(1)(B). 402 F.3d at 917. Plaintiff cannot, however, establish Defendant breached any written warranty.

The Magnuson-Moss Warranty Act (MMWA) does limit the ability of a supplier to disclaim or modify any implied warranties to a consumer. The MMWA provides

> (a) Restrictions on disclaimers or modifications
> No supplier may disclaim or modify (except as provided in subsection (b) of this section) any implied warranty to a consumer with respect to such consumer product if (1) the supplier makes a written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such

> consumer product.
> \*\*\*
> (c) Effectiveness of disclaimers, modifications, or limitations
> A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law.

15 U.S.C. § 2308. This section of the MMWA supplements state-law implied warranties by prohibiting their disclaimer by the supplier when the supplier makes a written warranty or enters into a service contract. *Parsley*, 327 F.Supp.2d at 805; *Rokicsak,* 219 F.Supp.2d at 817. If Plaintiff establishes Defendant Terry Town made an express warranty, Plaintiff may maintain an action for breach of an implied warranty under the MMWA because, under the MMWA, Defendant Terry Town would be prohibited from disclaiming the implied warranty. *Id.* However, the MMWA does not revive Plaintiff's state law claims for breach of implied warranty, it merely provides a federal cause of action when a supplier disclaims an implied warranty while making either a written warranty or entering into a service contract . *Id.*

Plaintiff reasons, because Defendant Terry Town furnished several written warranties, its disclaimer of the implied warranty is ineffective. Plaintiff argues Defendant Terry Town made several written warranties: (1) a warranty on the batteries, (2) an exterior paint and interior upholstery warranty covering the consumer product, and (3) a road hazard service contract. Plaintiff further states, in a footnote, Defendant Terry Town made other written promises to repair defects in the motor home, referencing Exhibits 2 and 5 to Plaintiff's brief in support.[5] (Plaintiff's Brief in

---

[5] Plaintiff has not attempted to explain how either of these documents constitute a written warranty. Plaintiff has not offered any authority suggesting either of these documents constitute a written warranty. The Court notes the merger clause contained in the purchase agreement just above the signature line indicating the purchase agreement contains the entire agreement between Defendant Terry Town and Plaintiff and "no other representation or inducement, verbal or written, has been made which is not contained in this agreement." (Defendant's Exhibit 5.) *See Parsley*, 327 F.Supp.2d at 802 (discussing merger clause).

Support at 9 n. 2.)

None of the three warranties undermine the effectiveness of Defendant Terry Town's disclaimer. Defendant Terry Town did not make a warranty on the tires, paint, fabric or batteries. Defendant merely sold the road hazard warranty on behalf of Tire Guard. (Defendant's Exhibit 7 - road hazard contract.) Written in large print at the top of the document is "Classic Road Hazard Coverage by Tire Guard." (*Id.*) Under the space for the customer's signature, in a portion of the document with the title "LEINHOLDER," the document states "the Provider of this Contract is Tire Guard." (*Id.*) As discussed earlier, providing another parties' warranty without adopting that warranty, does not constitute the making of an express warranty by the supplier. *See Ducharme*, 321 F.Supp.2d at 854; *Parsley*, 327 F.Supp.2d at 805 (finding no MMWA violation because the dealer merely provided the plaintiff with copies of the manufacturers' warranties without adopting them, validly disclaimed all warranties under state law, and did not enter into a service contract with the plaintiff to repair the mobile home). Similarly, Defendant Terry Town merely sold the exterior paint and interior fabric warranty on behalf of Great Lakes Chemical. (Defendant's Exhibit 7 - warranty registration form.) Defendant Terry Town's agreement to "cover 2 year so pro rating on the batteries" (Purchase Agreement) does not constitute a written warranty, as that term is defined by the MMWA.[6] Defendant Terry Town has not provided any written affirmation of fact or promise relating to the nature of the material or workmanship of the batteries or extended a written promise

---

[6] It appears the batteries were subject to a warranty issued by Defendant Spartan, not Defendant Terry Town. (Plaintiff's Exhibit 4.) Plaintiff's Exhibit 4 is a handwritten note which Plaintiff asserts, without support, was written by a salesperson for Defendant Terry Town. The note suggests Defendant Terry Town will pay for the warranty, pro rated over two years. The note states "motor home batteries have warranty thru Spartan Terry Town will pay for (2 year prorating)." (*Id.*)

13

to refund, repair or replace the batteries should by fail to meet some specification. *See* 15 U.S.C. § 2301(6) (definition of "written warranty").

Even if Plaintiff is correct that any of the three documents constitute a written warranty made by Defendant Terry Town, Plaintiff still cannot prevail. Section 2308(a) prohibits a supplier from disclaiming an implied warranty *with respect to such consumer product* if the supplier made a written warranty *with respect to such consumer product* or if the supplier enters into a service contract which *applies to such consumer product.* 15 U.S.C. § 2308(a) (emphasis added). Defendant Terry Town effectively disclaimed any implied warranties with respect to the 2006 Envoy and explicitly declined to adopt any of the manufacturers' warranties with regard to the 2006 Envoy. Assuming Plaintiff is correct that Defendant Terry Town made written warranties, those warranties did not cover the 2006 Envoy. In other words, Defendant Terry Town did not make a written warranty covering *such consumer product.* This distinction between warranties covering a larger consumer product, the RV, and warranties covering isolated consumer products, like batteries or tiers, which are part of the larger consumer product, is entirely consistent with the purpose of the MMWA. *See* 15 U.S.C. § 2301(a) (explaining the purpose of the MMWA is to improve the adequacy of information available and to prevent deception). Plaintiff negotiated and separately purchased warranties covering isolated parts of a larger consumer product. To conclude that Defendant Terry Town, who disclaimed any warranty covering the 2006 Envoy, is liable for repairs on the entire RV merely because it separately sold a warranty for tires and paint or agreed to pay for a warranty on a battery would not be consistent with the purpose of the Act.

B. Count IV - Revocation of Acceptance

Plaintiff's Count IV is a claim for revocation of acceptance under Michigan law. (Compl.

14

¶ 32.) Michigan's revocation statute provides

> (1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it
> > (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
> > (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
> (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in the condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
> (3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

MCL § 440.2608. Buyers may not revoke their acceptance for nonconformity when the dealer has disclaimed all warranties. *Saunter v. Fleetwood Enters., Inc.*, No. 05-73252, 2007 WL 1343806 * 5 (E.D. Mich. May 8, 2007) (Roberts, J.) (involving the sale of a motor home); *Harnden v. Ford Motor Co.*, 408 F.Supp.309, 312-314 (E.D. Mich. 2005) (Edmunds, J.) (same) (*Harnden II*); *Parsley*, 327 F.Supp. at 803 (same); *Ducharme*, 321 F.Supp.2d at 855-856 (same). Plaintiff's authority on this point, *Head v. Phillips Camper Sales & Rental, Inc.*, 593 N.W.2d 595, (Mich. App. 1999) did not involve a disclaimer and has been distinguished from situations where the dealer disclaimed warranties. *Saunter*, 2007 WL 1343806 * 5; *Harnden II*, 408 F.Supp.2d at 314. As has been explained above, Defendant Travel Town effectively disclaimed all warranties. In addition, the purchase agreement contains a limitation of damages which explicitly states once the buyer has accepted the unit, it cannot be returned to dealer for a refund. (Purchase Agreement ¶ 11.) Because of the disclaimer, Plaintiff has no right under Michigan law to revoke its acceptance of the RV.

  C. Count I - Michigan Consumer Protection Act (MCPA)

Count I of the complaint alleges Defendants Travel Supreme, Spartan and Terry Town

violated the MCPA by (1) representing the RV and the warranty had characteristics, uses, benefits, qualities and standards which they did not actually have, (2) represented the RV and warranty were of a particular quality and standard which they were not, (3) made gross discrepancies between the oral representations and written agreements and failed to provide promised benefits with regard to the transaction, (4) made factual statements which Plaintiff reasonably believed represented the standard, quality, characteristics and uses of the RV other than what they actually were, (5) failed to provide promised benefits with regard to the sale of the RV, (6) failed to reveal facts which tended to mislead or deceive Plaintiff and which could not reasonably be known by Plaintiff. (Compl. ¶ 13.) Earlier in the complaint, Plaintiff states it has taken the RV to Defendant Travel Supreme and Defendant Spartan's authorized dealers or agents on ten separate occasions for fume/exhaust intrusion and other problems. (Compl. ¶ 7.)

Michigan generally prohibits the use of unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce. MCL § 445.903(1). Claims under the MPCA for fraud or mistake must state the circumstances with particularity. *Michels v. Monaco Coach Corp.*, 298 F.Supp.2d 642, 650 (E.D. Mich. 2003) (citing FED. R. CIV. P. 9(b)). When the MPCA claim is based on breach of express or implied warranties, the claim need not include be pled with the same level of specificity. *Id.* However, a buyer may not assert a claim against a seller under the MCPA for alleged warranty related misrepresentations when the seller disclaimed all express and implied warranties. *Harnden II*, 408 F.Supp.2d at 314; *Ducharme*, 321 F.Supp.2d at 856.

Plaintiff's response attempts to provide some basis for its claim under the MCPA. The complaint describes the acts giving rise to the claim using only the general language of the MCPA and without any specific factual references. In its response, Plaintiff states "Defendant failed to

16

provide benefits promised by its warranty." (Plaintiff's Response at 14.) As has been explained above, Defendant Terry Town did not give any express or implied warranties and, therefore, Plaintiff cannot base a claim on such alleged failure. Plaintiff's reference to *Mikos v. Chrysler Corp*, 404 N.W.2d 783 (Mich. App. 1987) (per curiam) does not alter this conclusion. The issue before the court in *Mikos* was whether a breach of an implied warranty constituted a violation of the MCPA. *Id.* at 784. The court concluded it did under MCL § 445.903(1)(y). *Id.* There has been no breach of an implied warranty here. Plaintiff also directs the court to MCL § 445.903(1)(u), explaining "Defendant failed to restore HRL's payments and down payment after HRL revoked acceptance and/or canceled the contract." (Plaintiff's Response at 15.) As explained above, the agreement between Plaintiff and Defendant Terry Town provided Plaintiff could not revoke its acceptance or seek a refund from Defendant Terry Town.

Plaintiff argues, even if the complaint has not been pled with the relevant specificity, any deficiency could be solved by an amendment to the complaint. Of course, this is a motion for summary judgment and not a motion to dismiss. The parties have had the benefit of discovery. Defendant Terry Town has established a lack of genuine issue of material fact on the MCPA claim, as pled and as the claim is described in Plaintiff's response. In order to survive the motion, at this stage Plaintiff must point to some evidence establishing a genuine issue of material fact that would allow it to proceed on the MCPA claim. Plaintiff argues the MCPA prohibits not just fraudulent acts, but also unfair and deceptive acts. Plaintiff, however, fails to point to any evidence that would lead to the conclusion that what Defendant Terry Town did was unfair or deceptive. Accordingly, Defendant is entitled to summary judgment on this claim.

IV. CONCLUSION

Defendant Terry Town is entitled to summary judgment on all four counts in the complaint. Defendant Terry Town did not make any express warranties on the 2006 Envoy. Defendant Terry Town disclaimed any implied warranties on the Envoy. The agreement between the parties limited the remedies available to Plaintiff such that it is not entitled to revoke the contract, return the RV or seek a refund from Defendant Terry Town. Plaintiff's claim under the Michigan Consumer Protection Act, as pled and as explained in Plaintiff's response, assumes breach of warranty and failure to refund payments after the contract was cancelled. Defendant Terry Town has established a lack of a genuine issue of material fact on each count and Plaintiff has failed to present documentary evidence to create a genuine issue of material fact. Accordingly, Defendant Terry Town's motion (Dkt. No. 58) for summary judgment is **GRANTED.**

Date:   February 20, 2009                                         /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  Chief United States District Judge